FLORENCE VAN VALKENBURGH AND JOHN L. VAN VALKENBURGH, ADMINISTRATORS, ETC., RESPONDENTS, *v.* THE AMERICAN POPULAR LIFE INSURANCE COMPANY, APPELLANT.

*Life insurance — warranties — Conditions by which policy is avoided — burden of proof as to, rests on company.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought upon a policy of insurance issued upon the life of Lawrence H. Van Valkenburgh, deceased.

The court at General Term, after holding that the case of *Fitch* v. *The American Popular Life Ins. Co.* (59 N. Y., 564) establishes, that the defense of a breach of warranty could not be interposed in this action, and that the only defense available arising from any misstatement or misrepresentations of the assured in his application, must arise out of fraud, proceeded as follows: " The only other defense suggested by the answer is, that the insured died of a disease induced or aggravated by intemperance, whereby, by the terms of the policy, it was to become void. One of the points made by the defendant relates to the burden of proof upon this subject. The court held it was upon the defendant; to which exception was taken. This ruling seems to accord with general principles. The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue. (1 Gr. Ev., § 74; *Piedmont and A. Life Ins. Co.* v. *Ewing*, 2 Otto, 377.) This is one of many conditions upon which the policy was to become void. They are, therefore, conditions in avoidance of the policy, and are to be alleged by way of answer, and proved as substantive defenses. (2 Gr. Ev., § 402.) They are not conditions precedent. In cases of suicide, I understand, it has been held that the burden of proof is upon the defendant where that fact is relied upon to avoid the policy. (Bliss on Ins., 584, 585, and cases cited.)

But if any error upon this subject was committed it was after-

wards remedied by a full investigation of the facts pertaining thereto."

*Amasa J. Parker*, for the appellant. *George Bliss*, for the respondents.

Opinion by BOARDMAN, J.; LEARNED, P. J., concurred.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.

JAMES S. THURSTON, RESPONDENT, *v.* CHARLES G. FAIR-MAN AND OTHERS, APPELLANTS.

*Provision for assignment of fees and salaries of public office — when forbidden by public policy — Agreement in article of partnership, to account to firm for money so received — when valid.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought upon a written guaranty given by the defendants for the full and faithful performance by the defendant Charles G. Fairman, of a certain agreement made by him with the plaintiff, whereby the firm of Fairman & Thurston, composed of the defendant Fairman and the plaintiff, who were engaged in carrying on the newspaper, job printing and book binding business in all its branches, in the city of Elmira, was dissolved, and the assets and property thereof sold by the plaintiff to the said Fairman, who agreed to pay to the plaintiff the one-half of all debts owing to the partnership October 1, 1870.

The General Term, after examining the evidence and holding that the proceedings of the referee were sustained thereby, proceeds:

"A question remains growing out of one of the provisions of the partnership agreement. This provision is as follows: ' Third. It is understood and hereby agreed that all salaries, perquisites and earnings received by either partner from any office or employment is the property of the firm, and shall be accounted for and paid into the funds of the firm as soon as received, in the same manner